UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| C & G TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:09-cv-56-SEB-WGH |
| ) | |
| SOUTHERN MEDICAL IMAGING, LLC, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S ORDER ON
## TELEPHONIC STATUS CONFERENCE

This matter came before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, by telephone, at 3:15 p.m., on November 30, 2009, for a conference under Rule 16, Federal Rules of Civil Procedure.  Plaintiff was represented by counsel, David P. Allen.  Defendant was represented by counsel, Samuel Bradley Rhorer and Jeffrey L. Hansford.

Thereupon the following **ORDERS** are entered:

1. The Motion to Stay Proceedings Pending Ruling on Plaintiff's Motion to Remand (Docket No. 26) is **DENIED.**

2. The parties are to commence discovery and complete it on or before March 30, 2010.

3. Any summary judgment motions are to be filed not later than April 30, 2010.

4. This matter is set for trial by court during the month of October 2010 before District Judge Sarah Evans Barker. A separate order setting the specific trial date and a final pretrial conference will issue directly from Judge Barker's chambers.

5. A **SETTLEMENT CONFERENCE** is set for **FRIDAY, MARCH 19, 2010,** at 2:00 p.m., New Albany time (EDT), before the Magistrate Judge in Room 228, U.S. Courthouse, New Albany, Indiana. **(See attachment for particulars, including description of which client(s) must attend.)**

This order has been formulated after a conference at which the respective parties have appeared. Any party shall file any corrections or additions within ten (10) days after receipt of this order.

**SO ORDERED.**

**Dated:** December 2, 2009

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

David P. Allen
ALLEN ALLEN & BROWN
davidallen@allenlawyers.com

Jeffrey L. Hansford
BOEHL STOPHER & GRAVES, LLP
jhansford@bsg-in.com

Curtis Paul Moutardier
BOEHL STOPHER & GRAVES LLP
cmoutardier@bsg-in.com

Samuel Bradley Rhorer
RHORER LAW FIRM
bradr@rhorerlaw.com

## SETTLEMENT CONFERENCES BEFORE
## U.S. MAGISTRATE JUDGE WILLIAM G. HUSSMANN, JR.

Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall attend the settlement conference along with their counsel.  This requires the presence of each party, or the authorized representative of each corporate, governmental, or other organizational entity.  For a defendant, such representative must have final settlement authority to commit the organization to pay, **in the representative's own discretion,** a settlement amount up to the plaintiff's prayer, or up to the plaintiff's last demand, whichever is lower.  For a plaintiff, such representative must have final authority, **in the representative's own discretion,** to authorize dismissal of the case with prejudice, or to accept a settlement in the amount of the defendant's last offer.  Any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or in part, must have a fully authorized settlement representative present at the conference.  Such representative must have final settlement authority to commit the company to pay, **in the representative's own discretion,** an amount within the policy limits, or up to the plaintiff's last demand, whichever is lower.  If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, **in counsel's sole discretion,** the client, client representative, or insurance company, as applicable, need not attend.  Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.  The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not present.

Each party shall submit (not file) a confidential settlement statement directly to the Magistrate Judge no later than two business days prior to the conference, setting forth the relevant positions of the party concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed.  <u>**The settlement statement should not exceed five (5) pages, and should only include critical exhibits**</u>**.**

Any request to continue this conference must be in motion form and filed with the court no later than one week prior to the conference, except for emergencies.

**You are reminded of your obligation under Local Rule 16.1(c) which states: "Prior to all court conferences, counsel shall confer to prepare for the conference."**