UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

C & G TECHNOLOGIES, INC.,

    Plaintiff,

v.                                   Civil Action No. 4:09-cv-0056-SEB-WGH

SOUTHERN MEDICAL IMAGING, LLC

    Defendant

---

### SMI'S ANSWER TO C&G'S COMPLAINT and SMI'S THIRD PARTY COMPLAINT

---

Defendant Southern Medical Imaging, LLC ("SMI") answers the complaint of C&G Technologies, Inc. ("C&G") and pleads its third party complaint against Arnold Feldman and Southwest Mississippi Anesthesia, P.A., Inc. d/b/a The Pain Treatment Center, as follows:

### ANSWER

**SMI's Answer to Specific Allegations in C&G's Complaint**

1.

SMI admits the allegations in paragraph 1 of C&G's complaint.

2.

SMI admits the allegations in paragraph 2 of C&G's complaint. Specifically, SMI is a limited liability company organized under the laws of Louisiana. Its members at the time C&G filed this lawsuit were all citizens of Louisiana. Its sole current member is a citizen of Louisiana.

1

3.

SMI admits in part and denies in part the allegations in paragraph 3 of C&G's complaint. SMI admits that it executed a sales agreement with C&G. C&G did not attach Exhibit "A," which C&G represents is a copy of the sales agreement. Accordingly, SMI cannot admit or deny that Exhibit "A" is a copy of the sales agreement. Furthermore, the parties modified the sales agreement and allowed the end-user of the LS-16 Mobile to assume responsibility for payment to C&G.

4.

SMI admits in part and denies in part the allegations in paragraph 4 of C&G's complaint. SMI admits that it executed a sales agreement with C&G in late February 2006. C&G did not attach Exhibit "A," which C&G represents is a copy of the sales agreement. Accordingly, SMI cannot admit or deny that Exhibit "A" is a copy of the sales agreement. Furthermore, the parties modified the sales agreement and allowed the end-user of the LS-16 Mobile to assume responsibility for payment to C&G.

5.

SMI admits in part and denies in part the allegations in paragraph 5 of C&G's complaint. SMI admits that it executed a sales agreement with C&G. C&G did not attach Exhibit "A," which C&G represents is a copy of the sales agreement. Accordingly, SMI cannot admit or deny that Exhibit "A" is a copy of the sales agreement. Furthermore, the parties modified the sales agreement and allowed the end-user of the LS-16 Mobile to assume responsibility for payment to C&G.

6.

SMI admits in part and denies in part the allegations in paragraph 6 of C&G's complaint. SMI admits that it paid certain of the referenced sums to C&G. However, pursuant to the parties'

modification of the sales agreement to allow the end-user of the LS-16 Mobile to assume responsibility for payment to C&G, the end user made certain of the referenced payments directly to C&G.

7.

SMI admits in part and denies in part the allegations in paragraph 7 of C&G's complaint. SMI admits that it did not make all payments specified in the sales agreement, since the parties modified the sales agreement and allowed the end-user of the LS-16 Mobile to assume responsibility for payment to C&G.

8.

SMI denies the allegations in paragraph 8 of C&G's complaint.

9.

Subject to the issue of C&G's failure to attach Exhibit "A," SMI admits the allegations in paragraph 9 of C&G's complaint.

10.

SMI denies the allegations in paragraph 10 of C&G's complaint. Specifically, the end user accepted delivery from C&G of the LS-16 Mobile. Furthermore, according to the end user, C&G failed to perform the implied obligations of the contract in that it delivered a defective product.

11.

SMI admits in part and denies in part the allegations in paragraph 11 of C&G's complaint. SMI admits C&G agreed to sell and deliver the LS-16 Mobile. C&G did not attach Exhibit "A," which C&G represents is a copy of the sales agreement. Furthermore, the parties modified the sales

agreement and allowed the end-user of the LS-16 Mobile to assume responsibility for payment to C&G. C&G delivered the LS-16 Mobile to the end user.

12.

SMI admits in part and denies in part the allegations in paragraph 12 of C&G's complaint. SMI admits that it did not pay C&G the full sales price of the LS-16 Mobile. However, the parties modified the sales agreement and allowed the end-user of the LS-16 Mobile to assume responsibility for payment to C&G. Accordingly, SMI denies that it there is any payment owing by SMI.

13.

SMI is without information sufficient to admit or deny the allegations in paragraph 13 of C&G's complaint.

14.

SMI denies the allegations in paragraph 14 of C&G's complaint.

15.

SMI denies the allegations in paragraph 15 of C&G's complaint.

16.

SMI admits in part and denies in part the allegations in paragraph 16 of C&G's complaint. SMI admits that it executed a sales agreement with C&G. C&G did not attach Exhibit "A" or Exhibit "B," which C&G represents constitute the contract between the parties. Furthermore, the parties modified their contract and allowed the end-user of the LS-16 Mobile to assume responsibility for payment to C&G.

17.

SMI denies the allegations in paragraph 17 of C&G's complaint.

18.

SMI denies the allegations in paragraph 18 of C&G's complaint.

19.

SMI denies the allegations in paragraph 19 of C&G's complaint.

20.

Paragraph 20 of C&G's complaint incorporates the allegations of previous paragraphs.  In response, SMI incorporates its answer to those specific paragraphs.

21.

The allegations in paragraph 21 of C&G's complaint constitute a conclusion of law and require no answer.  To the extent an answer is required, SMI denies the allegations.

22.

The allegations in paragraph 22 of C&G's complaint constitute a conclusion of law and require no answer.  To the extent an answer is required, SMI denies the allegations.

23.

The allegations in paragraph 23 of C&G's complaint constitute a conclusion of law and require no answer.  To the extent an answer is required, SMI denies the allegations.

24.

The allegations in paragraph 24 of C&G's complaint constitute a conclusion of law and require no answer.  To the extent an answer is required, SMI denies the allegations.

25.

SMI denies the allegations in paragraph 25 of C&G's complaint.

26.

SMI denies the allegations in paragraph 26 of C&G's complaint.

27.

SMI is without information sufficient to admit or deny the allegations in paragraph 27 of C&G's complaint to the extent same refer to fair rental value. SMI denies the remainder of the allegations in paragraph 27 of C&G's complaint.

**Affirmative Defenses**

28.

The parties modified the relevant contract to allow the end-user of the LS-16 Mobile to assume responsibility for payment to C&G. Accordingly, SMI is not responsible for additional payments to C&G.

29.

SMI pleads lack of consideration and/or failure of consideration in that, according to the end user of the LS-16 Mobile, C&G delivered defective equipment.

30.

C&G is estopped, by its actions in amending the contract and negotiating and dealing exclusively with the end user, to proceed against SMI for breach of contract.

**Prayer**

SMI demands relief in the form of a judgment that C&G take nothing by its claims against SMI, and for SMI's costs, and for such other relief to which it may show itself entitled.

## THIRD PARTY COMPLAINT

### Parties

31.

Third party plaintiff SMI is a Louisiana limited liability company with its principal office in Louisiana. All members at the time of filing of this lawsuit, and the sole current member, are natural persons and citizens of Louisiana.

32.

Third party defendant Arnold Feldman ("Feldman") is a natural person and a citizen of Louisiana.

33.

Third party defendant Southwest Mississippi Anesthesia, P.A., Inc. d/b/a The Pain Treatment Center ("PTC") is a Mississippi corporation with its principal office in Mississippi, and is therefore a citizen of Mississippi.

### Jurisdiction

34.

This Court has jurisdiction over this third party claim pursuant to 28 U.S.C. §1367.

### Facts

35.

The members of SMI organized the company in 2004 for the purpose of selling and leasing to end-users radiologic equipment such as CT scanners or X-ray machines.

36.

In late 2005 SMI began negotiating with Feldman, a medical doctor in Baton Rouge who wished to acquire a refurbished mobile CT scanner for PTC, his facility in Baton Rouge. SMI determined the specifications Feldman wished and telephoned C&G to inquire whether C&G could secure such a scanner.

37.

C&G advised SMI that C&G could obtain and refurbish a GE CT scanner meeting Feldman's specifications. C&G emailed SMI a three (3) page quotation for the LS-16 Mobile.

38.

SMI met with Feldman and reviewed the quotation. Feldman requested some modifications to the specifications, which SMI relayed to C&G. Then Feldman insisted on communicating directly with C&G regarding various aspects of the specifications. Presumably based on its discussions with Feldman, C&G revised the three (3) page quotation and emailed the revised version back to SMI.

39.

The C&G quotation required payment of a deposit and payments in the form of several installments.

40.

SMI added a "mark up" to the C&G quotation price and secured from Feldman a signed purchase agreement (the "Purchase Agreement").

41.

The Purchase Agreement contained a clause obligating Feldman to defend against and indemnify SMI from any claims related to the equipment.

42.

SMI then executed the C&G quotation on or about February 25, 2006. In connection with executing the quotation, SMI asked C&G if it would accept payment of the deposit directly from Feldman and/or PTC. C&G agreed, and in three separate payments Feldman and/or PTC paid C&G the deposit.

43.

Upon receipt of the full deposit from Feldman and/or PTC, C&G then transported the LS-16 Mobile to Louisiana and delivered it to Feldman's office on or about July 28, 2006. On July 31, 2006, C&G sent a service engineer to Baton Rouge to test the LS-16 Mobile.

44.

Feldman and C&G then began communicating directly about some upgrades to the LS-16 Mobile. On September 21, 2006 Feldman purchased directly from C&G a new console for the scanner. C&G delivered the console directly to Feldman in Baton Rouge on September 22, 2006 and that same day sent a service engineer to Baton Rouge to assist with the installation of the console. C&G and Feldman did not include SMI in the transactions and the upgrades and modifications to the LS-16 Mobile.

45.

Feldman claimed a "major repair problem" on October 30, 2006. C&G sent a service engineer to Baton Rouge on November 1, 2006 to attempt to address Feldman's issues.

46.

Feldman caused PTC to file suit in a Louisiana court against SMI and one of its principals, Jed Roubique, personally on or about November 13, 2006. The suit alleged that there were serious defects in the equipment and that PTC was entitled to a refund or a reduction in the purchase price.

47.

SMI countersued PTC and impleaded Feldman personally for payment of the balance due under the sales contract.

48.

PTC later amended its pleading to allege claims against C&G, as manufacturer of the equipment. Prior to service of the amended pleading on C&G, PTC, Feldman, SMI, and Roubique entered into a partial settlement agreement (the "Partial Settlement Agreement") on March 25, 2008. Pertinent to this third party claim, the Partial Settlement Agreement obligated Feldman and PTC to indemnify SMI from any claims by C&G.

49.

C&G filed this lawsuit against SMI.

50.

SMI has tendered defense of this lawsuit to Feldman and PTC, and demanded indemnity.

51.

Feldman and PTC have refused to defend SMI in this lawsuit and have advised that they would likewise refuse to indemnify SMI from any loss in the event C&G obtains judgment against SMI herein.

### Count I – Breach of Contract

52.

SMI incorporates paragraphs 35 - 51.

53.

The actions of Feldman and PTC in refusing to defend SMI in this lawsuit constitute a breach of the Purchase Agreement and have proximately damaged SMI.

### Count II – Anticipatory Repudiation of Contract

54.

SMI incorporates paragraphs 35 - 51.

55.

The advice by Feldman and PTC that neither would indemnify SMI from any loss in the event C&G obtains judgment against SMI herein constitutes an anticipatory breach of the Purchase Agreement and an anticipatory breach of the Partial Settlement Agreement, which breaches have proximately damaged SMI.

### Count III – Declaratory Judgment

56.

SMI incorporates paragraphs 35 - 51.

57.

SMI seeks and is entitled to a declaration that the Purchase Agreement obligates Feldman and PTC to defend SMI against the claims of C&G in this case.

58.

SMI seeks and is entitled to a declaration that the Partial Settlement Agreement obligates Feldman and PTC to indemnify SMI from any loss in the event C&G obtains a judgment against SMI in this case.

**Prayer**

SMI prays for judgment against Feldman and PTC:

a.	in a money sum for all its costs of defense in this case;

b.	in a money sum for all its damages;

c.	declaring Feldman's and PTC's obligation to defend SMI against C&G's claims;

d.	declaring Feldman's and PTC's obligation to indemnify SMI from any loss in the event C&G obtains a judgment against SMI in this case; and

e.	for interest, costs, and such other relief to which it may be entitled.

Respectfully Submitted:

**BOEHL, STOPHER & GRAVES**

Jeffrey L. Hansford
Indiana Bar No. 11572-10
Curtis P. Moutardier
Indiana Bar No. 23692-22
400 Pearl Street, Suite 204
New Albany, IN 47150
Phone: (812) 948-5053
Fax: (812) 948-9233
jhansford@bsg-in.com

**RHORER LAW FIRM**

*/s/ S. Bradley Rhorer*
S. Bradley Rhorer
Louisiana Bar No. 25847
10566 Airline Highway
Baton Rouge, Louisiana 70816
Phone: (225) 292-2767
Fax: (225) 292-2769
bradr@rhorerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2010, a copy of the foregoing Answer and Third Party Complaint was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system:

**David P. Allen**
ALLEN ALLEN & BROWN
davidallen@allenlawyers.com,kellydozer@allenlawyers.com

**Jeffrey L. Hansford**
BOEHL STOPHER & GRAVES, LLP
jhansford@bsg-in.com

**Curtis Paul Moutardier**
BOEHL STOPHER & GRAVES LLP
cmoutardier@bsg-in.com

**Samuel Bradley Rhorer**
RHORER LAW FIRM
bradr@rhorerlaw.com

                                               */s/ S. Bradley Rhorer*
                                                 S. Bradley Rhorer