UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| C & G TECHNOLGOIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 4:09-CV-56-SEB-WGH |
| -vs- | ) |
| | ) |
| SOUTHERN MEDICAL IMAGING, LLC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| SOUTHERN MEDICAL IMAGING, LLC, | ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| ARNOLD FELDMAN and | ) |
| SOUTHWEST MISSISSIPPI ANESTHESIA, | ) |
| P.A., INC. d/b/a THE PAIN TREATMENT | ) |
| CENTER, | ) |
| | ) |
| Third Party Defendants. | ) |

## ANSWER AND COUNTERCLAIMS

Third party defendants Southwest Mississippi Anesthesia, P.A., Inc. d/b/a "The Pain Treatment Center," and Dr Arnold Feldman answer the third party complaint of defendant Southern Medical Imaging, LLC, pleads their counterclaims against plaintiff C & G Technologies, Inc. and defendant/third party plaintiff Southern Medical Imaging, LLC, respectively.

1

Paragraphs 1 through 30 of Defendant SMI's pleading allege an Answer to claims made by C&G Technologies, Inc. against SMI, thus no response is required by third party defendants to Paragraphs 1 through 30 of SMI's pleading.

## ANSWER

31.

On information and belief, third party defendants admit the allegations contained in Paragraph 31 of the third party complaint.

32.

Third party defendants admit the allegations contained in Paragraph 32 of the third party complaint.

33.

Third party defendants admit that Southwest Mississippi Anesthesia, P.A., d/b/a The Pain Treatment Center ("PTC") Inc. is a Mississippi corporation; otherwise, the remaining allegations contained Paragraph 33 of the third party complaint are denied.

**Jurisdiction**

34.

Third party defendants admit the allegations contained in Paragraph 34 of the third party complaint.

**Facts**

35.

Third party defendants lack sufficient knowledge to admit or deny the allegations contained in

2

Paragraph 35 of the Third Party Complaint, and therefore deny the allegations in Paragraph 35.

36.

Third party defendant PTC admits that it negotiated with defendant SMI regarding the acquisition of a refurbished mobile CT scanner; otherwise, third party defendants lack sufficient knowledge to admit or deny remaining allegations of Paragraph 36, and therefore deny the allegations in Paragraph 36.

37.

Third party defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 37 of the third party complaint, and therefore deny the allegations in Paragraph 37.

38.

Third party defendant PTC admits that it engaged in continuing negotiations with defendant SMI for the purchase of a mobile CT scanner. To the extent not admitted herein, Third party defendants deny the remaining allegations of Paragraph 38.

39.

Third party defendants lack sufficient knowledge to admit or deny allegations of Paragraph 39 of the third party complaint.

40.

Third party defendant PTC admits that it signed a purchase agreement with SMI for the purchase of a mobile CT scanner; otherwise, third party defendants lack sufficient knowledge to admit or deny the remaining allegations of Paragraph 40, and therefore deny the allegations in Paragraph 40.

3

41.

Third party defendant PTC affirmatively pleads that the terms of the contract for the purchase of the CT scanner from SMI are contained in the contract.  Further, the allegations of Pagargraph 41 of the Third Party Complaint state a legal concluison to which no response is required.  To the extent that a response is required, third party defendants deny the allegations contained in Pargraph 41 of the Third Party Complaint.

42.

Third party defendant PTC admits that it paid significant sums of money to SMI and C&G for the mobile scanner; otherwise, third party defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 42 of the third party complaint, and therefore deny the allegations in Paragraph 42.

43.

Third party defendant PTC admits the CT scanner was delivered on or about July 28, 2006.  To the extent not admitted herein, third party defendants deny the allegations of Paragraph 43 of the Third Party Complaint.

44.

Third party defendant PTC admits that it purchased certain upgrades to the CT scanner from C&G subsequent to the delivery of the scanner.  To the extent not admitted herein, third party defendants deny the allegations of Paragraph 44 of the Third Party Complaint.

45.

Third party defendant PTC admits that the CT scanner experienced several problems and defects after delivery, including a failure of the glassware.  PTC further pleads that SMI and C&G

attempted to remedy various defects in the CT scanner to no avail. To the extent not admitted herein third party defendants deny the allegations of Paragraph 45 of the Third Party Complaint.

46.

Third party defendant PTC admits that it filed a lawsuit against SMI and Jed Robique, alleging various theories of recovery for the delivery of the defective mobile CT scanner. Third party defendants affirmatively plead that the allegations of the lawsuit filed in Louisiana speak for themselves. To the extent not admitted herein, third party defendants deny the allegations of Paragraph 46 of the Third Party Complaint.

47.

Third party defendants admit that SMI filed third party demands against Dr. Arnold Feldman. Third party defendants affirmatively plead that the allegations of SMI and Robique in their demands against Dr. Feldman speak for themselves. To the extent not admitted herein, third party defendants deny the allegations of Paragraph 47 of the Third Party Complaint.

48.

Third party defendants admit that they filed amended pleadings which made claims against C&G for various theories of recovery. Third party defendants further admit that they entered into a settlement agreement on March 25, 2008; otherwise, third party defendants deny the remaining allegations contained in Paragraph 48 of the third party complaint.

49.

On information and belief, third party defendants admit the allegations contained in Paragraph 49 of the third party complaint.

50.

Third party defendants deny the allegations contained in Paragraph 50 of the third party complaint.

51.

Third party defendants deny the allegations contained in Paragraph 51 of the third party complaint.

**Count I - Breach of Contract**

52.

Third party defendants incorporate Paragraph 31 through 51 above as if the same were repeated in this Paragraph.

53.

Third party defendants deny the allegations contained in Paragraph 53 of the third party complaint.

**Count II-Anticipatory Repudiation of Contract**

54.

Third party defendants incorporate Paragraphs 31 through 53 above as if the same were repeated in this Paragraph.

55.

Third party defendants deny the allegations contained in Paragraph 55 of the third party complaint.

### Count III - Declaratory Judgment

56.

Third party defendants incorporate Paragraph 31 through 55 above as if the same were repeated in this Paragraph.

57.

Third party defendants deny the allegations contained in Paragraph 57 of the third party complaint.

58.

Third party defendants deny the allegations contained in Paragraph 58 of the complaint.

### **AFFIRMATIVE DEFENSES**

1. Third party plaintiff fails to state a claim upon which relief may be granted.

2. Third party plaintiff has no cause or right of action against Defendants.

3. Third party plaintiffs' claims are barred by the applicable statute of limitations, res judicata, collateral estoppel, laches, waiver, consent, unclean hands, unjust enrichment, lack of standing, failure to read, and/or estoppel.

4. The claims of SMI and the purported settlement agreement are barred and unenforceable due to the intentional material misrepresentations and omissions regarding the condition of the mobile CT scanner as such misrepresentations and omissions amount to fraud.

# COUNTERCLAIMS AGAINST SOUTHERN MEDICAL IMAGING AND C&G TECHNOLOGIES

## THE PARTIES

1. Southwest Mississippi Anesthesia, P.A., Inc. is a Mississippi corporation licensed to business and doing business in the state of Louisiana at its principal place of business in Baton Rouge, Louisiana.

2. Southern Medical Imaging, LLC is a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana.

3. On information and belief, C&G Technologies, Inc. is a corporation organized under the law of the state of Kentucky with its principal place of business in Jeffersonville, Indiana.

## JURISDICTION

4. This court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §1367.

## GENERAL ALLEGATIONS

5. Third-party defendant/claimant Southwest Mississippi Anesthesia, P.A., Inc. d/b/a The Pain Treatment Center (hereinafter referred to as "PTC") negotiated with Defendant Southern Medical Imaging, LLC (hereinafter referred to as "SMI") regarding the possible purchase of a mobile CT scanner.

6. PTC and SMI entered into negotiations regarding the possible purchase of a mobile CT scanner. Those negotiations were fruitful, and the parties entered into a written agreement, wherein PTC agreed to purchase a refurbished mobile CT scanner from SMI.

7.      SMI agreed to deliver a fully refurbished mobile scanner to PTC on or about May 16, 2006. The scanner was to be free from defects and SMI agreed to warrant the scanner for one year from the date of delivery.

8.      Upon information and belief, SMI subsequently contracted with Plaintiff C&G Technologies, Inc. (hereinafter referred to as "C&G") for the purchase of a used CT scanner, a mobile trailer, and for the installation of the CT scanner in the mobile trailer.

9.      Upon information and belief, the contract between C&G and SMI provided that C&G refurbish the scanner to OEM standards, house the refurbished scanner in a fully refurbished mobile coach, and deliver the scanner directly to PTC. Upon information and belief, SMI never received title to the scanner or the mobile trailer, but it brokered the transaction.

## **COUNT I — BREACH OF CONTRACT**

10.     Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

11.     C&G delivered the mobile scanner to PTC in mid-August of 2006, three months late.

12.     Upon delivery, PTC discovered that the scanner contained many defects, including but not limited to non-functional indicator lights and sensors and hardware and software incompatibility issues.

13.     The glassware in the scanner, which was represented to PTC as having enough life to perform 10 scans a day for one year, was worn from heavy use, and required replacement shortly after delivery.

14.     The mobile trailer housing the scanner was also defective and unfit for use. The stairs leading to the door of the trailer were unstable and unfit for use by PTC's patients. The trailer roof also leaked water.

15.     Even though PTC properly notified SMI of the many problems that accompanied the scanner, SMI refused to perform warranty service on the scanner.

16.     As a result of scanner's deficiencies, the scanner had to be taken out of service for significant periods of time, resulting in a substantial loss of revenue for PTC.

17.     PTC was also forced to contract with third parties to repair and replace items that were represented by SMI as being in proper working order, resulting in further expenses to PTC.

18.     Without any cause, excuse, or justification, SMI wrongfully breached its contractual obligations with PTC, and has deprived PTC of the benefits it deserved under the contract provisions.

19.     PTC is entitled to recover damages, attorneys' fees, and costs for the unlawful breach of its contractual rights by SMI.

## COUNT II — FRAUD

20.     Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

21.     SMI and C&G both made misrepresentations to PTC regarding the scanner, its condition, and its fitness for use. SMI and C&G also failed to disclose material facts regarding the scanner, including, but not limited to its origin, amount of useful life, status of hardware and software, and fitness for transport.

22.     In particular, and in addition to the misrepresentations and omissions identified above, in the quotation and contracts signed by PTC, SMI, and C&G in February and March of 2006, SMI and C&G represented that the scanner unit's air conditioning system was in good working order, and that the scanner's glassware had many hours of service remaining, enough to scan 10 patients a day for one year.

23.     Upon delivery it was discovered that the air conditioning system was only minimally functional and needed immediate repairs.  Furthermore, the scanner's glassware failed shortly after delivery, making the scanner non-functional, thereby necessitating the replacement of the glassware at PTC's expense.

24.     In short, the scanner had not been refurbished to OEM standards, contrary to representations made by SMI and C&G.  These misrepresentations and omissions were made by officers and/or employees of SMI, including Jed Roubique, its CEO, and by Greg Kamer, the CEO of C&G.

25.     Were it not for the factual misrepresentations and omissions regarding the scanner and its "like new" condition, PTC would not have contracted for the purchase of the mobile scanner, and would not have accepted delivery of the same.

26.     PTC is entitled to recover damages, exemplary damages, attorneys' fees, and costs for the fraudulent misrepresentations of SMI and C&G.

## COUNT III—CIVIL CONSPIRACY

27.     Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

28.    SMI and C&G conspired to sell and deliver to PTC a mobile scanner unit that they both knew was defective and not fit for its intended use.

29.    SMI and C&G agreed to hide and fraudulently misrepresent the true condition of the scanner, including the trailer housing the scanner, in order to unfairly profit from their sale to PTC.

30.    PTC suffered damages as a result of SMI and C&G's wrongful acts.

31.    PTC is entitled to recover damages, exemplary damages, attorneys' fees, and costs for the civil conspiracy, as defined in La. Civ. Code art. 2324, perpetuated by SMI and C&G.

## COUNT IV—DECEPTIVE TRADE PRACTICES

32.    Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

33.    The actions of SMI and C&G constitute unfair and deceptive trade practices in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. § 51:1401 *et seq.*

34.    PTC has a right of civil action pursuant to La. Rev. Stat. § 51:1409, and is entitled to recover actual damages, attorneys' fees, and costs.

## REQUEST FOR JURY TRIAL

35.    PTC requests a jury trial.

**WHEREFORE,** third party defendants/counter-plaintiffs Southwest Mississippi Anesthesia, P.A., Inc. and Dr. Arnold Feldman respectfully request that defendants Southern Medical Imaging, LLC and C&G Technologies, Inc. be required to appear and answer the allegations of this Counterclaim, and that after due proceedings are had, there be judgment in

favor of Southwest Mississippi Anesthesia, P.A., Inc., Dr. Arnold Feldman and against Southern Medical Imaging, LLC and C&G Technologies, Inc. providing the following remedies to third party defendant/counter-plaintiff:

A. Entry of judgement for damages, together with interest, costs, and attorneys' fees, to compensate Southwest Mississippi Anesthesia, P.A., Inc. for the unlawful breach of its contractual rights;

B. Entry of judgement for damages, together with interest, costs, and attorneys' fees, to compensate Southwest Mississippi Anesthesia, P.A., Inc. for the fraudulent misrepresentations made by Southern Medical Imaging, LLC and C&G Technologies, Inc.;

C. Entry of judgement for damages, together with interest, costs, and attorneys' fees, to compensate Southwest Mississippi Anesthesia, P.A., Inc. for the civil conspiracy entered into by Southern Medical Imaging, LLC and C&G Technologies, Inc.; and

D. Entry of judgement for damages, together with interest, costs, and attorneys' fees, to compensate Southwest Mississippi Anesthesia, P.A., Inc. for the unfair trade practices committed by Southern Medical Imaging, LLC and C&G Technologies, Inc.;

E. An award to Southwest Mississippi Anesthesia, P.A., Inc. of all recoverable costs, expenses, and reasonable attorneys' fees incurred in this action;

F. Dismissal of SMI's claims against Southwest Mississippi Anesthesia P.A. and Dr. Arnold Feldman with prejudice; and

G. Such other relief as the Court may deem proper and appropriate.

                                              LEWIS WAGNER, LLP

                                      By:    s/John C. Trimble
                                                  JOHN C. TRIMBLE, #1791-49
                                                  jtrimble@lewiswagner.com
                                                  Counsel for Third Party Defendants
                                                  Arnold Feldman and Southwest Mississippi
                                                  Anesthesia, P.A., Inc. d/b/a The Pain
                                                  Treatment Center

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 6, 2010, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| David P. Allen/Chris Carrol/Sharon Lamb<br>ALLEN ALLEN & BROWN<br>davidallen@allenlawyers.com<br>chrisscarroll@allenlawyers.com<br>sharonlamb@allenlawyers.com | Jeffrey L. Hansford/Curtis Paul Moutardier<br>BOEHL STOPHER & GRAVES, LLP<br>jhansford@bsg-in.com<br>cmoutardier@bsg-in.com |

Sameul Bradley Rhorer
RHORER LAW FIRM
bradr@rhorerlaw.com

                                                          s/ John C. Trimble


LEWIS WAGNER, LLP
501 Indiana Avenue, Suite 200
Indianapolis, IN  46202-3199
Telephone:  (317) 237-0500
Facsimile:   (317) 630-2790
E-Mail: jtrimble@lewiswagner.com

258841-1