UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| C & G TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:09-cv-56-TWP-WGH |
| ) | |
| SOUTHERN MEDICAL IMAGING, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| SOUTHERN MEDICAL IMAGING, LLC, ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DR. ARNOLD FELDMAN, SOUTHWEST ) | |
| MISSISSIPPI ANESTHESIA, P.A., INC., ) | |
| d/b/a THE PAIN TREATMENT CENTER, ) | |
| ) | |
| Third Party Defendants. ) | |

**ENTRY ON MOTION TO STAY THIRD PARTY PROCEEDINGS**

On April 19, 2010, the Plaintiff, C&G Technologies, Inc. ("C&G"), filed a Motion to Stay Third Party Proceedings. (Docket Nos. 65-66). Defendant and Third-Party Plaintiff Southern Medical Imaging, LLC ("SMI") filed a Response on May 3, 2010 (Docket No. 72), and Third-Party Defendants Arnold Feldman ("Feldman") and Southwest Mississippi Anesthesia, P.A., Inc., d/b/a The Pain Treatment Center ("PTC") also filed a Response on May 3, 2010 (Docket No. 70). C&G filed a Reply on May 24, 2010. (Docket No. 77). After considering the

parties' arguments, this Magistrate Judge concludes that C&G's motion should be **DENIED.**[1]

## A.   Background and Procedural History

C&G is a Kentucky corporation with its principal place of business in Jeffersonville, Indiana. Its business is supplying and servicing refurbished CT scanners. SMI is a Louisiana limited liability corporation with its office in Baton Rouge, Louisiana. It sells and leases radiologic equipment, such as CT scanners, to end users. In late 2005, SMI located an end-user (Feldman/PTC) who was looking for a mobile CT machine for his practice. In February 2006, PTC entered into a contract with SMI to purchase a mobile CT machine. Jeb Robique ("Robique") executed the contract on behalf of SMI, and Feldman executed the contract on behalf of PTC.

In March 2006, C&G and SMI executed a contract for C&G to obtain and refurbish a CT scanner, install the scanner in a refurbished trailer, and deliver the trailer to the PTC facility in Louisiana. After delivery, PTC and Feldman asserted that there were serious defects with the scanner that were not resolved by C&G or SMI.

In November 2006, PTC and Feldman filed suit in Louisiana state court against SMI and Robique for breach of contract and unfair trade practices,

---

[1]Third-party Defendants SMI and Feldman filed a Request for Oral Argument on May 3, 2010. (Docket No. 71). Plaintiff C & G filed its Response in Opposition to the Request on May 7, 2010. (Docket No. 74). The Request for Oral Argument is **DENIED.**

seeking either a refund or a reduction in price. SMI counterclaimed for the remaining payment under its contract with PTC and Feldman. Eventually, PTC and Feldman amended the Louisiana complaint to add C&G. They alleged breach of warranty against redhibitory defects, breach of an implied contract between C&G and PTC and Feldman, unfair trade practices, and failure to register the machine in violation of Louisiana and federal law.

In March 2008, soon after PTC and Feldman amended the complaint to add claims against C&G, SMI and PTC/Feldman reached a partial settlement, resolving all claims between them except SMI's claim for attorney's fees. The settlement requires PTC and Feldman to indemnify SMI against any claims by C&G. In August 2008, C&G removed the Louisiana state court case to the United States District Court for the Middle District of Louisiana, arguing diversity and federal-question jurisdiction. *Southwest Mississippi Anesthesia, P. A. v. C & G Technologies, Inc.,* Cause No. 3:08-cv-483-RET-DLD (M.D. La.). On June 30, 2009, the court granted PTC and Feldman's motion for remand to Louisiana state court for the reasons that the parties are not diverse and the complaint did not assert a federal question. *Id.*

On April 3, 2009, C&G filed suit against SMI in the Circuit Court for the County of Washington in Indiana. *C & G Technologies, Inc. v. Southern Medical Imaging, LLC,* Cause No. 88C01-0904-CC-113. The complaint pleads two state law claims: breach of contract for the remaining amount owed on the mobile CT

unit (plus interest, costs, and fees) and replevin in order to obtain possession of and/or rent for the unit.  On May 1, 2009, SMI removed the suit to this court on grounds of diversity of citizenship.  Then, in February 2010, SMI filed a third-party complaint against PTC and Feldman alleging breach of the purchase agreement for failure to defend SMI against C&G, and anticipatory breach of the settlement agreement reached in the Louisiana suit for failure to indemnify SMI against claims by C&G; SMI also seeks a declaratory judgment that PTC and Feldman owe a duty to defend and a duty to indemnify SMI.  Finally, in April 2010, PTC and Feldman filed counterclaims alleging breach of the purchase agreement against SMI, fraud against C&G and SMI, a civil conspiracy against C&G and SMI, and deceptive trade practices against SMI and C&G.

C&G has since filed a motion to stay arguing that, under the *Colorado River* abstention doctrine, this federal court should abstain from exercising its jurisdiction over the third-party claim by SMI against PTC and Feldman and the counterclaims filed by PTC and Feldman against SMI and C&G because there is a parallel state court action and "exceptional circumstance" exist which compel abstention.  Both PTC/Feldman and SMI have filed responses arguing that there is no parallel state court action, and, even if the actions are parallel, there are no exceptional circumstances present that would justify abstention.

Most recently, SMI and PTC/Feldman filed a Stipulation of Dismissal on June 3, 2010.  The court issued an order dismissing all claims between SMI and

PTC and Feldman on June 7, 2010.[2] To the extent that C&G's Motion to Stay Third Party Proceedings involves matters that have now been dismissed, the motion is **DENIED, as moot.**

**B.    Discussion**

C&G argues that the circumstances that exist in this lawsuit clearly point to the need for abstention.  The Supreme Court, however, has cautioned that federal courts have a "virtually unflagging obligation" to exercise their statutory jurisdiction; abstention should only occur under "exceptional circumstances" where there is a concurrent state proceeding and the stay would promote "wise judicial administration."  *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 817-18, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

District courts must engage in a two-pronged inquiry when determining whether or not abstention is appropriate.  *Tyrer v. City of South Beloit, Ill.,* 456 F.3d 744, 751 (7th Cir. 2006).  First, the court must determine if the actions in state and federal court are parallel.  *Id.*  Second, if the suits are, in fact, parallel, then the court applies a ten-factor test to determine if abstention is appropriate.  *LaDuke v. Burlington Northern R. Co.,* 879 F.2d 1556, 1559 (7th Cir. 1989).

---

[2] Essentially all that remains of the third-party claims that C&G seeks to stay is a counterclaim by PTC and Feldman against C&G alleging fraud, a civil conspiracy, and deceptive trade practices.  The Magistrate Judge is unclear about the fate of the civil conspiracy claim given the dismissal of all claims against SMI.

**Parallel Actions:**

In order to meet the first prong of the *Colorado River* test, it must be demonstrated that the two actions are parallel. This does not require that the suits be identical. *Interstate Material Corp. v. City of Chicago,* 847 F.2d 1285, 1288 (7th Cir. 1988). However, if the actions are not parallel, the *Colorado River* abstention doctrine does not apply. *AAR Intern. Inc. v. Nimelias Enterprises, S.A.,* 250 F.3d 510, 518 (7th Cir. 2001). An action in federal court is parallel to a state court action "when substantially the same parties are contemporaneously litigating substantially the same issues" in both forums. *Clark v. Lacy,* 376 F.3d 682, 685 (7th Cir. 2004). The two actions need not be in formal symmetry in order to be parallel; instead there should be "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen Const., Inc. v. Brant Const. Co., Inc.,* 780 F.2d 691, 695 (7th Cir. 1985). "[A]ny doubt regarding the parallel nature of the [state court] suit should be resolved in favor of exercising jurisdiction. . . ." *Nimelias,* 250 F.3d at 520.

In this case, the plaintiff, C&G, does not seek the stay of the entire action here in the Southern District of Indiana. Instead, C&G asks this court to stay only the third-party claims made by SMI against PTC and Feldman and all counterclaims made by PTC and Feldman against C&G and SMI. However, the court has been unable to locate any Seventh Circuit opinions that have analyzed each claim individually, staying some portions of a case while allowing others to proceed. Rather, as discussed above, a court must look at all of the parties and

all of the issues in order to determine if two suits are, in fact, parallel and determine whether "substantially the same parties are litigating substantially the same issues. . . ." *Clark v. Lacy,* 376 F.3d at 685. Here, there is no doubt that the two suits are not parallel. We must examine all of the claims and all of the parties. And, a substantial portion of this lawsuit involves a claim of replevin and a breach of contract claim made by C&G against SMI. These claims are not part of the Louisiana state court suit. Because these claims are not part of the Louisiana suit, there is not a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case" and the suits are clearly not parallel. *Lumen Const.,* 780 F.2d at 695. The only claims that still remain in the Louisiana state court are claims made by PTC and Feldman against C&G. Resolving those claims would not dispose of the claims made by C&G against SMI. Consequently, C&G's motion to stay must be **DENIED.**

C.   **Conclusion**

In examining the doctrine of *Colorado River* abstention, the court concludes that the suits in the Southern District of Indiana and the Louisiana state court are not parallel. C&G's Motion to Stay Third Party Proceedings is **DENIED.**

**SO ORDERED.**

**Dated:** July 12, 2010

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

David P. Allen
ALLEN ALLEN & BROWN
davidallen@allenlawyers.com

Robert M. Baker IV
LEWIS WAGNER LLP
rbaker@lewiswagner.com

Joel E. Cape
FRILOT, L.L.C.
jcape@frilot.com

Jeffrey L. Hansford
BOEHL STOPHER & GRAVES, LLP
jhansford@bsg-in.com

Curtis Paul Moutardier
BOEHL STOPHER & GRAVES LLP
cmoutardier@bsg-in.com

Samuel Bradley Rhorer
RHORER LAW FIRM
bradr@rhorerlaw.com

Garrett W. Thalgott
FRILOT LLC
gthalgott@frilot.com

John Carl Trimble
LEWIS WAGNER LLP
jtrimble@lewiswagner.com