UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| C&G TECHNOLOGIES, INC., | ) | CIVIL ACTION NO.: |
| | ) | 4:09-CV-0056-TWP-WGH |
| Plaintiff, | ) | |
| | ) | |
| Versus | ) | |
| | ) | |
| SOUTHERN MEDICAL IMAGING, LLC | ) | |
| Defendant, Third-party plaintiff | ) | |
| | ) | |
| Versus | ) | |
| | ) | |
| ARNOLD FELDMAN, et al | ) | |
| Third-party defendants | ) | |

**MOTION TO CONTINUE SETTLEMENT CONFERENCE**

Southwest Mississippi Anesthesia, P.A., Inc. d/b/a The Pain Treatment Center, Arnold Feldman (collectively "PTC"), and Southern Medical Imaging, LLC ("SMI"), respectfully move this Court for a continuance of the Settlement Conference set for August 5, 2010. In support of this Motion, these parties state as follows:

1. The original settlement conference of March 15, 2010 was continued due to the fact that Third Party Defendants, PTC, had just been served and had not had time to enter an appearance.

2. The first appearance of PTC in this case was approximately four months ago when they filed their Answer and Counterclaims.[1]  When PTC entered this case, the original case management deadlines had already expired, or were on the verge of expiration.[2]

---

[1] Docket No. 56.
[2] Docket No. 36.

288602                                          1

3. Less than two weeks later, Plaintiff C&G Technologies, Inc. ("C&G") filed a Motion to Stay Third Party Proceedings.[3] After filing that motion, C&G resisted PTC's efforts to prosecute or defend the claims in the litigation by seeking multiple extensions of time:

- C&G sought and obtained en extension of time to file responsive pleadings to PTC's counterclaims;[4]

- C&G sought and obtained and extension of time to respond to PTC's discovery requests;[5]

- In fact, since PTC was made a party to this litigation, C&G has sought and obtained six extensions of time to respond or take some action.[6]

4. To date, PTC has not been served with C&G's with an Answer to its Counterclaims, nor has it received any responses to discovery.

5. PTC was effectively shut out of this litigation until two weeks ago when the Court denied C&G's Motion to Stay.[7] At this point all case management deadlines have expired except for the final pre-trial conference and the trial setting.[8]

6. In an effort to gain a foothold for resolving this case on the merits, PTC tried to reach an agreement with C&G on a new case management plan that could be jointly submitted to the Court. Since C&G did not respond, PTC moved forward on its own and submitted a Motion for Modification of Scheduling Order.[9] That motion is still pending.

---

[3] Docket No. 65.
[4] Docket Nos. 67 and 76.
[5] Docket No. 78 and 80.
[6] Docket Nos. 55, 67, 68, 73, 78, and 97.
[7] Docket No. 86.
[8] Docket Nos. 37 and 92.
[9] Docket No. 94.

288602     2

7. While portions of this dispute have been litigated in Louisiana, there has been only a single set of written discovery exchanged between PTC and C&G in the Louisiana case. There have been no depositions completed of a single C&G witness.

8. PTC and SMI are in favor of a settlement conference or mediation, but submit that it would be far more fruitful and serve the interests of justice to postpone such a conference. PTC and SMI offer three grounds in favor of continuing the settlement conference:

- First, PTC is at a disadvantage to participate in a settlement conference because C&G has not even joined issues by filing an Answer to PTC's counterclaims. Likewise, C&G has not provided any answers to outstanding discovery, nor has PTC been able to take a single deposition. In short, PTC has precious little information upon which to make informed judgments about this case.

- Second, even before PTC entered the case, very little discovery had been conducted between SMI, the original Defendant, and C&G. Instead, much of the litigation focused on jurisdictional status. Thus, the factual record remains largely undeveloped. Beyond the bare allegations, there is a scarcity of evidence for making critical decisions regarding the merits.

- Third, PTC's lead counsel of record, Attorney Cape, has a scheduling conflict on August 5, 2010. Specifically, Attorney Cape is scheduled to be in a conference in California from August 1, through August 7, 2010. This commitment was made in January of this year, long before PTC was made a party in this case. Attorney Cape has also entered an appearance on behalf of SMI as all claims between SMI and PTC have been resolved and dismissed.[10]

9. Undersigned counsel has previously attempted to confer with C&G's counsel with regard to scheduling in this case. A proposal for a new scheduling order was sent to C&G's counsel on May 18, 2010. Additionally, PTC's counsel telephoned C&G's counsel on July 13 and 14, 2010 to discuss a potential new scheduling order. C&G's counsel never responded to those communications.

---

[10] Docket Nos. 81 and 93.

288602                                   3

10. Other efforts at direct communication with C&G's counsel have failed. A paralegal for C&G's attorneys indicated that Attorney Allen wished to call to discuss "scheduling and other matters." Attorney Cape responded with a full week of availability for a conference – this was again met with silence.[11]

11. Finally, undersigned counsel called C&G's counsel today, July 29, 2010, to request consent to a continuance of the upcoming settlement conference. Attorney Allen's office indicated that he was "out of the office." While he may have been out of the office, Attorney Allen still managed to file a Response to SMI's Rule 56(f) motion **today at 5:22 p.m. Eastern Time**.[12] Presumably, C&G will not consent to a continuance of the settlement conference.

12. PTC and SMI submit that the interests of justice and judicial economy would be well served by a continuance of the settlement conference so that the parties may develop an adequate factual record under a comprehensive case management plan.

WHEREFORE, Southwest Mississippi Anesthesia, P.A., Inc. d/b/a/ The Pain Treatment Center, Arnold Feldman, Third-Party Defendants and Counter Plaintiffs, and Southern Medical Imaging, LLC, Defendants, pray for the continuance of the settlement conference to a later date, and the entry of a new scheduling order such as the one previously submitted at Docket No. 94, and such other relief as may be just and proper.

---

[11] *See* Email from Joel Cape to Chris Carroll dated July 19, 2010, attached as **Exhibit A**.
[12] Docket No. 99.

Respectfully submitted,

/s/ Joel E. Cape
Joel E. Cape (La. No. 26001)
Garrett W. Thalgott (La. No. 30970)
**FRILOT, LLC**
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163-3600
Telephone No.: (504) 599-8000
Facsimile No.: (504) 599-8100

And

John C. Trimble
Robert M. Baker
**LEWIS WAGNER, LLP**
501 Indiana Ave., Suite 200
Indianapolis, IN  46202
*** Attorneys for Arnold Feldman, Southwest Mississippi Anesthesia, P.A., Inc. d/b/a The Pain Treatment Center, and Southern Medical Imaging, LLC***

**CERTIFICATE OF SERVICE**

I, hereby certify that on **July 29, 2010**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following all counsel of record:

| | |
|---|---|
| David P. Allen/Chris Carrol/Sharon Lamb<br>ALLEN ALLEN & BROWN<br>davidallen@allenlawyers.com<br>chrisscarroll@allenlawyers.com<br>sharonlamb@allenlawyers.com<br>Sameul Bradley Rhorer<br>RHORER LAW FIRM<br>bradr@rhorerlaw.com | Jeffrey L. Hansford/Curtis Paul Moutardier<br>BOEHL STOPHER & GRAVES, LLP<br>jhansford@bsg-in.com<br>cmoutardier@bsg-in.com |

                                       /s/ Joel E. Cape
                                       **JOEL E. CAPE**